IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF MISSISSIPPI

| | |
|---|---|
| MARSHA FERGUSON | PLAINTIFF |
| VS | NO: 1:20cv125-SA-DAS |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | DEFENDANT |

**COMPLAINT**

**COMES NOW**, Plaintiff, Marsha Ferguson, by Counsel, and sues the Defendant and for cause of action would state as follows:

1. Plaintiff Marsha Ferguson is an adult resident citizen of Lee County, Mississippi.

2. Defendant Life Insurance Company of North America is a Corporation doing business in the State of Mississippi whose registered agent for service of process is CT Corporation System of Mississippi; 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. This cause of action arises under the Employee Retirement Income Security Act, *29 U.S.C.A. Section 101 et. seq*. (hereinafter referred to as "ERISA") and this Court has jurisdiction over the subject matter under *28 U. S. C. A. Section 1331*.

4. At all times pertinent to this cause of action, Plaintiff, Marsha Ferguson, (hereinafter "Ferguson") was an Employee of North Mississippi Health Services, Inc. ( hereinafter "NMHS"), at its facility in Tupelo, Mississippi.

5. In connection with her employment with NMHS, Ferguson was a participant in an Employee Group Welfare Benefit Plan as that term is defined by ERISA and became insured under a group Long Term Disability insurance policy issued by Life

Insurance Company of North America and administered under the name of Cigna (hereinafter referred to as the "policy").

6. The policy in question provides benefits to Ferguson for Long Term Disability under the terms of the policy, when, in general terms, Ferguson is unable to perform the material and substantial duties of her occupation for a period of time, and thereafter if she is unable to perform the material and substantial duties of any occupation as defined by the policy.

7. Prior to April 20, 2016, Ferguson was regularly engaged in her employment as a Registered Nurse with NMHS.

8. In April 20, 2016, while a participant in this ERISA Plan, Ferguson fell into a hole in her yard causing serious injuries to the tendons and nerves in both of her lower extremities. Ferguson had a long history of complications in her lower extremities even prior to this incident. Over the next two years, Ferguson underwent numerous treatments on both lower extremities, which were performed by Dr. Nels Thorderson, an Orthopaedic foot specialist in Tupelo Mississippi and Dr. David Richardson, an Orthopaedic foot specialist at Campbell's Clinic in Memphis, Tennessee.

9. Despite exhaustive orthopaedic treatments, Ferguson continued to have instability and severe swelling and pain in both her ankles and knees.

10. Ultimately, in 2018 both Dr. Richardson and Dr. Thorderson opined that Ferguson was unable to work because she was severely limited in her capacity to sit, stand or walk and further stated that she could not be employed due to the fact that she was required to regularly elevate her legs during the day to combat the pain and swelling in her lower extremities.

11. Defendant initially approved Ferguson to receive LTD benefits from October 2016 through October 2018. Ferguson was also found disabled by the Social Security Administration.

12. In September 2018, prior to the expiration of her benefits, Defendant advised Ferguson that they no longer agreed with the restrictions set forth by her treating physicians and Defendant had concluded that she could return to work in some capacity after October 2018.

13. Ferguson timely appealed this decision, and set forth additional evidence detailing the severity of her medical conditions and also provided a report from a certified vocational expert, who explained that there were no jobs in the National Economy which would accommodate Ferguson's restrictions and limitations.

14. By letter dated July 16, 2019, Defendant informed Ferguson that it had denied her appeal and reaffirmed its decision to terminate her benefits. Defendant refused to follow the opinions of Plaintiff's treating physicians and her vocational expert, and based its decision on the opinions of a doctor it had hired, who had not examined Ferguson.

15. By completely disregarding the symptoms, diagnostic studies and the opinions of Ferguson's treating physicians, Defendant has acted arbitrary and capricious and failed to provide a meaningful an honest administrative review.

16. Despite the overwhelming evidence that Ferguson cannot work, Defendant refused to reconsider its decision.

17. The actions by the Defendant in this case demonstrate both arbitrary and capricious decision making and the facts clearly show that Defendant's decision was erroneous

and unsupported by substantial evidence.

18. Ferguson has exhausted her administrative remedies under the Plan and brings this claim pursuant to ERISA and requests that this Court determine that the actions of the Defendant in denying her claim for further benefits are in violation of ERISA and are both arbitrary and capricious and therefore Ferguson requests the Court to Order Defendant to reinstate Ferguson's benefits under the policy.

Wherefore Ferguson prays that this Court enter a Judgment in favor of Ferguson ordering Defendant to pay Long Term Disability benefits under Ferguson's policy and pay other penalties, costs and damages caused by Defendant's arbitrary and capricious actions. Ferguson further prays for all other relief to which she may be entitled based on the actions of the Defendant and hereby requests interest, costs, attorneys fees and such other relief that the nature of this cause may demand.

Respectfully submitted,

 /s/ KEITH S CARLTON
**KEITH S. CARLTON (MS Bar 9336)**
**WOOD & CARLTON, P.C.**
**POST OFFICE BOX 1415**
**CORINTH, MS   38835-1415**
662-287-8037
662-287-8040 - FAX
keithcarlton@bellsouth.net


s/ BOBBY R. WOOD
**BOBBY R. WOOD (MS BAR 7358)**
**WOOD & CARLTON, P. C.**
**P. O. Box 1415**
**Corinth, MS 38835-1415**
662-287-8037 - TELEPHONE
662-287-8040 - FAX